IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, ) | |
| ) | |
| Petitioner, ) | 4:06cv3303 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| MIKE HEAVICAN, et al., ) | |
| ) | |
| Respondents. ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Billy Tyler, a prisoner in the custody of the Nebraska Department of Correctional Services ("§ 2254 petition").  The petitioner states that his Order of Commitment has expired, and he is being held beyond his lawful release date, as his sentence began in 1995 and should have expired in 2005.[1]

The petitioner has previously filed many § 2254 petitions in this court regarding his belief that the sentence he is presently serving expired on November 18, 2005.  See, e.g., Case Nos. 4:05cv3046 (Tyler v. Clarke), 4:05cv3144 (Tyler v. Houston), 4:05cv3191 (Tyler v. Houston), and 4:06cv3008 (Tyler v. Nebraska).  Before those cases, the petitioner litigated other aspects of the duration of his confinement, e.g., validity of his loss of good time, in connection with his present sentence.   The petitioner's sentence has been thoroughly examined from every aspect on collateral review in this court.

---

[1]The District Court of Johnson County, Nebraska released the petitioner on bond for part of 2003 and 2004 pursuant to a writ of habeas corpus which a higher court later reversed.  The petitioner argues that his sentence continued to run during the entire period he was released, but the courts of Nebraska have held that because the petitioner failed to surrender upon reversal of the habeas corpus decision, the petitioner's sentence ceased to run during the time a warrant was outstanding for his arrest.

1

Thus, this case is a "second or successive habeas corpus application under section 2254," within the meaning of 28 U.S.C. § 2244(b).  28 U.S.C. § 2244(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), precludes the filing of a subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition. See generally Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998):

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts.  Felker v. Turpin, 518 U.S. 651, 657 ... (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application.   § 2244(b)(3)(A).  The court of appeals then has 30 days to decide whether to grant the authorization to file.   § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  § 2244(b)(3)(E).

"The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" Felker v. Turpin, 518 U.S. 651, 664 (1996).  The petitioner's current § 2254 petition has not been authorized by the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b).  Consequently, this action and the § 2254 petition will be dismissed, without prejudice to reassertion of a subsequent § 2254 petition if authorized in advance by the Eighth Circuit Court of Appeals.

THEREFORE, IT IS ORDERED:

1.  That the Petition for Writ of Habeas Corpus filed by the petitioner, Billy Tyler, is dismissed; and

2.  That pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered in

accordance with this Memorandum and Order.

DATED this 29th day of January, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge